UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-200-TBR

ALAN M. YOUNG,                                                             PLAINTIFF

v.

HICKS, *et al.*,                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants K-9 Kuno and Hopkinsville Police Department Canine Team's Motion to Dismiss. [DN 7]. Plaintiff Alan Young has not responded and the deadline to do so has passed. Therefore, this matter is ripe for adjudication. For the reasons set forth herein, Defendants' Motion to Dismiss, [DN 7], is GRANTED in part and DENIED in part.

**BACKGROUND**

According to the Complaint, on December 21, 2018, Plaintiff was lying unarmed in a boat's storage compartment when Kentucky State Police Trooper Caroll opened the door and found Plaintiff on his stomach, face down, with his arms stretched out in front of him. [DN 1-1 at 6]. Trooper Caroll held the door open for K-9 Kuno and his handler, Officer Hicks, to enter. *Id.* Officer Hicks then ordered K-9 Kuno to attack Plaintiff while Officer Hicks and Trooper Caroll "proceeded to scream and holler at Plaintiff to show his hands." *Id.* Sergeant Eastman placed Plaintiff in handcuffs and transported him to the hospital, rather than calling an ambulance. *Id.* Plaintiff suffered lacerations on his head, hands, arms, and legs which required emergency medical attention and surgeries. *Id.*

On November 20, 2019, Plaintiff filed this *pro se* action in Christian County Circuit Court alleging violations of 42 U.S.C. § 1983, negligence, and gross negligence. *Id.* at 5. Defendants

1

removed the case to this Court pursuant to federal question jurisdiction. [DN 1]. In the instant motion, Defendants K-9 Kuno and the Hopkinsville Police Department Canine Team request the Court dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2). [DN 7].

**LEGAL STANDARD**

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coal. of Radioactive Mat. Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). "In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). However, "[i]n order to defeat the motion to dismiss, the plaintiff's affidavit(s) must make only a *prima facie* showing." *Id.* (citing *Theunissen*, 935 F.2d at 1458). Of course, "[t]he pleadings and affidavits are viewed in the light most favorable to the plaintiff." *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997)).

**DISCUSSION**

First, Defendants argue that the claims against K-9 Kuno must be dismissed because an animal is not a proper party to a lawsuit. [DN 7 at 27]. The Court agrees. *See Rohan v. Sutton*, No. 19-3068-SAC, 2019 WL 2185117, at *2 (D. Kan. May 21, 2019) ("[P]laintiff may not bring a claim against a dog."); *Lewis v. Burger King*, 344 F. App'x 470, 472 (10th Cir. 2009) (finding a dog lacks standing to sue under the ADA). As noted by the Eleventh Circuit, "the notion of a tort

lawsuit directly against a dog in these circumstances would create an abundance of practical problems":

> [E]ven setting aside the issues of service on a dog and a dog's retention of legal representation, and even assuming that Draco (the dog) can qualify as a "[s]tate officer or employee" under Georgia law, how could we reasonably apply Georgia's concept of official immunity? How would we determine whether the dog was acting in a discretionary or ministerial capacity when it bit the plaintiff? If it were acting in a discretionary capacity, how would we discern whether it had a "deliberate intention to do wrong"? And if it were acting in a ministerial capacity and were somehow liable, could the individually liable dog be expected as a practical matter to pay damages? And if so, how? These kinds of issues, all of which flirt with holding a dog civilly liable in its own right—not as the instrument or responsibility of another—are simply not suited for resolution in our adversarial process. For all of these reasons, we must conclude that Draco in his individual capacity may not be sued for negligence under Georgia law, and the district court's denial of the motion to dismiss Draco must be reversed.

*Jones v. Fransen*, 857 F.3d 843, 857–58 (11th Cir. 2017). Similarly, the Court concludes that Plaintiff cannot bring a lawsuit against K-9 Kuno and the claims against the canine must be dismissed.

Second, Defendants argue that the Hopkinsville Police Department Canine Team is not a viable entity that can sue or be sued in its own capacity. [DN 7 at 28]. The Sixth Circuit has held that a police department is not an entity which may be sued. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). However, since the Hopkinsville Police Department is a division of the city government, Plaintiff's claims against the department are actually brought against the City of Hopkinsville, and the Court will construe them as such. *See Watson v. Gill,* 40 F. App'x. 88, 89 (6th Cir. 2002) ("Because the McCracken County Jail is a department of the county, the county is the appropriate party to address [plaintiff]'s suit."); *Morris v. Christian Cty. Sheriffs Dep't*, No. 5:12CV-P156-R, 2013 WL 787971, at *4 (W.D. Ky. Mar. 1, 2013) ("[T]he claims against the Sheriff's Department are actually against Christian County"); *Douglas v. Greenup Co. Det. Facility*, No. CV 0:19-044-HRW, 2019 WL 3947918, at *2 (E.D. Ky. Aug. 21, 2019) (construing

claims against Greenup County Detention Center as a claim against Greenup County). Thus, the Court will allow Plaintiff's claims against the City of Hopkinsville to proceed.

## CONCLUSION

For the reasons stated herein: **IT IS HEREBY ORDERED**: Defendant's Motion to Dismiss, [DN 7], is **GRANTED IN PART** and **DENIED IN PART**. All claims in the above-captioned action against Defendant K-9 Kuno shall be **DISMISSED**.

**IT IS SO ORDERED**.

CC: Attorneys of Record

Alan M. Young
153207
LEE ADJUSTMENT CENTER
Inmate Mail
168 Lee Adjustment Center Drive
Beattyville, KY 41311